IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2067-D

NATHAN LORENZO HOLDEN, )
)
Petitioner, )
)
v. ) **ORDER**
)
GOVERNOR PATRICK MCCRORY )
and the STATE OF NORTH CAROLINA, )
)
Respondents. )

On April 13, 2015, Nathan Lorenzo Holden ("Holden" or "petitioner"), a pretrial detainee proceeding pro se, petitioned the court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D.E. 1]. On April 29, 2015, Holden refiled his petition on the proper form [D.E. 4]. On May 7, 2015, Holden paid the filing fee. The court now conducts a preliminary review, pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and dismisses the petition.

Holden asserts that he is "a private man living with rights not to be deprived of life, liberty, or property, without due process of law," and asserts that he is being detained without "presen[t]ment of indictment, [and] being held with no bond." Am. Pet. [D.E. 4] 2. Holden seeks his "immediate release from custody . . . [and] dismissal of all charges." Id. 8.

"[H]abeas corpus does not lie, absent special circumstances, to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 489 (1973) (quotation omitted); see Younger v. Harris, 401 U.S. 37, 43 (1971). In Braden, the Supreme Court allowed a pretrial detainee's habeas

petition to proceed because the petitioner "was not attempting to litigate the merits of an affirmative defense to his state prosecution. Rather, Braden's habeas petition simply asked the federal courts to enforce the state's obligation to provide him with a state court forum." Brown v. Ahern, 676 F.3d 899, 902 (9th Cir. 2012) (quotation and alteration omitted). Here, Holden challenges the legality of the pending criminal proceedings and asks this court to order the state court to dismiss the charges against him. Am. Pet. 2, 8; see Aff. [D.E. 4-1] 2–4. He does not allege that the state court has refused to hear his case or allege any other deficiency in the state judicial process that would qualify as a "special circumstance" under Braden. Holden must, therefore, challenge the legitimacy of the charges against him as part of his state criminal action. See, e.g., Dragenice v. Ridge, 389 F.3d 92, 98 (4th Cir. 2004) (noting that a district court may properly dismiss a claim as premature and unexhausted by a detainee who is a party to a proceeding that "would address the very issue he [is] raising collaterally in his habeas petition"). Thus, the court dismisses the petition.

To the extent Holden objects to the typing of his name in all capital letters or believes it creates some type of "account" with the court, see Aff. [D.E. 4-1] 1, his contention is absurd. See Fed. R. Civ. P. 10(a) (providing for document captions in civil actions); see also, e.g., Klaudt v. Dooley, No. Civ. 10-4091-KES, 2010 WL 5391571, at *8 (D.S.D. Dec. 22, 2010) (unpublished); Rout v. First Sav. Mortg. Corp., No. RWT 09cv3117, 2010 WL 1837720, at *3 (D. Md. May 5, 2010) (unpublished); Adams v. City of Marshall, No. 4:05-CV-62, 2005 WL 2739029, at *1 (W.D. Mich. Oct. 24, 2005) (unpublished) (collecting cases). Thus, the court rejects the argument.

In sum, Holden's petition for habeas corpus relief [D.E. 1, 4] is DISMISSED. The court DENIES a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000). The clerk shall close this case.

2

SO ORDERED. This __9__ day of November 2015.

                                                JAMES C. DEVER III
                                                Chief United States District Judge

3

Case 5:15-hc-02067-D   Document 6   Filed 11/09/15   Page 3 of 3